UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RETINA ASSOCIATES OF WESTERN NEW YORK, P.C.,

                             Plaintiff,

                                                                     Case # 23-CV-6174-FPG

v.

                                                                      DECISION AND ORDER

McKESSON CORPORATION, *et al.*,

                             Defendants.
_____

## INTRODUCTION

On November 7, 2023, the Court granted the motion to dismiss filed by Defendants McKesson Corporation ("McKesson"), McKesson Specialty Care Distribution LLC ("McKesson LLC"), and McKesson Specialty Care Distribution Corporation ("MSCDC"). ECF No. 10. Plaintiff Retina Associates of Western New York, P.C. ("RAWNY") has filed an amended complaint, ECF No. 11, which Defendants now move to dismiss. ECF No. 14. For the reasons that follow, Defendants' motion is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions

1

couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

## BACKGROUND

The following facts are taken from the amended complaint, unless otherwise noted. RAWNY is a medical practice. RAWNY asserts that, when it purchased medical products from Defendants with its credit card, Defendants failed to classify the transactions correctly, which caused RAWNY to receive reduced rebates from its credit card company. *See* ECF No. 11 ¶¶ 22-30. Between April 2020 and September 2022, RAWNY lost $329,375.89 in rebates due to the alleged misclassification of its transactions. *See id.* ¶ 28.

RAWNY contends that Defendants' errors violated their obligations under two contractual arrangements. *Id.* ¶¶ 39-45. The first agreement is a "Distribution Agreement" that US Retina—a group purchasing organization—executed with MSCDC in October 2017. ECF No. 11 ¶ 12; *see also* ECF No. 11-2 (copy of agreement). Members of US Retina, including RAWNY, were considered to be "intended third party beneficiar[ies]" of the Distribution Agreement. ECF No. 11-2 at 3. In Section 7(H) of the Distribution Agreement, MSCDC was required to "process all credit card payments as Level 1 transactions," ECF No. 11-2 at 10, which provide a higher rebate to RAWNY. ECF No. 11 ¶ 30.

The second agreement is a "Participation Agreement" executed between McKesson LLC in October 2021. The Court detailed the terms of the Participation Agreement in its prior Decision & Order, and need not do so again here. *See* ECF No. 10.

In its amended complaint, RAWNY brings claims against Defendants for (1) breach of the Distribution Agreement, (2) breach of the Participation Agreement, and (3) unjust enrichment, all

of which are based on Defendants' alleged misclassification of RAWNY's credit-card purchases. ECF No. 11 at 8-9.

## DISCUSSION

Defendants move to dismiss the amended complaint in its entirety. The Court examines the claims against each defendant in turn.

### I. Claims against MSCDC

RAWNY concedes that, in November 2018, MSCDC "converted to McKesson LLC," and they are now "one and [the] same entity." ECF No. 11 ¶ 5. Defendants contend that MSCDC is no longer a proper party because, as a dissolved entity, MSCDC lacks the capacity to sue or be sued under Delaware law. *See* ECF No. 14-1 at 18-19. RAWNY fails to respond to this specific contention. *See* ECF No. 19 at 11-13. As a result, RAWNY is deemed to have "effectively conceded the argument." *Ventillo v. Falco*, No. 19-CV-3664, 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020) (internal quotation marks, brackets, and ellipsis omitted); *see also Felske v. Hirschmann*, No. 10-CV-8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them."). For this reason, the Court grants Defendants' motion and dismisses the claims against MSCDC with prejudice.

### II. Claims against McKesson

McKesson is not a signatory to either of the relevant agreements. In general, under New York law, "a breach of contract claim cannot be asserted against a non-signatory to the contract, unless a plaintiff pleads liability on veil piercing or alter ego theories." *Buffalo Xerographix, Inc. v. Hartford Ins. Grp.*, 540 F. Supp. 3d 382, 391 (W.D.N.Y. 2021) (internal quotation marks and alterations omitted). In its prior Decision & Order, the Court concluded that RAWNY "failed to sufficiently allege facts [to] . . . plausibly support an agency theory for its breach of contract claim

against McKesson." ECF No. 10 at 14. The Court expressly rejected RAWNY's position that "three facts [] support the existence of an agency relationship: (1) a McKesson employee accepted RAWNY's electronically signed Participation Agreement and other McKesson employees received copies of the signed agreement, (2) RAWNY's contacts under the Participation Agreement were McKesson employees using McKesson email accounts; and (3) RAWNY was required to purchase drugs directly from McKesson under the Distribution Agreement." *Id.*

Defendants move to dismiss the claims against McKesson, arguing that the amended complaint fails to cure this defect. Although RAWNY asserts that "McKesson dominated" McKesson LLC and MSCDC, ECF No. 19 at 17, the amended complaint provides no allegations to support that legal conclusion. *See generally* ECF No. 11. Accordingly, for the reasons stated in the prior Decision & Order, the breach-of-contract claim against McKesson must be dismissed. *See* ECF No. 10 at 13-15. In addition, because RAWNY fails to plausibly allege an agency relationship between McKesson and McKesson LLC, it cannot maintain an unjust-enrichment claim against McKesson on the basis of McKesson LLC's alleged actions. *See In re CIL Ltd.*, 582 B.R. 46, 123 (S.D.N.Y. 2018).

Therefore, the claims against McKesson are dismissed with prejudice.

### III. Claims against McKesson LLC

In its amended complaint, RAWNY asserts that McKesson LLC breached the Distribution Agreement and the Participation Agreement when it failed to process RAWNY's credit-card transactions as Level 1 purchases. *See* ECF No. 11 at 8. It also alleges that McKesson LLC was unjustly enriched as a result. *See id.* at 9.

The Court begins with the contract claims. Under New York law, to "recover from a defendant for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1)

the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props. S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).

Section 7(H) of the original Distribution Agreement generally required MSCDC—and McKesson LLC upon conversion—to "process all credit card payments as Level 1 transactions." ECF No. 11-2 at 10. This provision might have supported a contract claim against McKesson LLC. However, as Defendants note, Section 7(H) of the original Distribution Agreement was expressly superseded by a March 2018 amendment. *See* ECF No. 11-2 at 114-15; ECF No. 14-1 at 20-21. RAWNY does not challenge Defendants' contention that, at the time of the alleged breaches, the original Section 7(H) was superseded and therefore no longer operative. *See* ECF No. 19 at 14 (acknowledging, but not disputing, Defendants' assertion that Section 7(H) was "superseded" by the amendment). As a result, the Court deems Defendants' argument conceded by RAWNY. *See Felske*, 2012 WL 716632, at *3. RAWNY's breach-of-contract claim related to the original Distribution Agreement is dismissed.[1]

---

[1] In its opposition memorandum, RAWNY presents a new theory: that McKesson LLC violated the amendment to the Distribution Agreement. The amendment required McKesson LLC to "process all credit card payments in a manner consistent with its customary business practices." ECF No. 11-2 at 114. Relying on Exhibit D to the amended complaint, RAWNY argues that McKesson LLC's "decision not to process RAWNY's credit card purchases as 'Level 1' transactions" was not "consistent with its customary business practices." ECF No. 19 at 14-15.

It is well-established that a plaintiff "cannot amend its complaint by asserting new facts or theories for the first time in opposition to the defendant's motion to dismiss." *Pall Corp. v. CleanSpace Modular, LLC*, No. 23-CV-2082, 2023 WL 7412096, at *4 (S.D.N.Y. Nov. 9, 2023) (internal quotation marks and brackets omitted); *see also Ballast v. Workforce7 Inc.*, No. 20-CV-3812, 2024 WL 307966, at *6 (S.D.N.Y. Jan. 25, 2024) (collecting cases). Although the amendment and Exhibit D are attached to the amended complaint, RAWNY did not articulate this new legal theory anywhere in the amended complaint: it does not even cite the pertinent language of the amendment or allege that McKesson LLC ever acted contrary to its "customary business practices." *See generally* ECF No. 11. Because RAWNY cannot develop a new claim in its opposition memorandum, *see Pall Corp.*, 2023 WL 7412096, at *4, the Court declines to address this new theory of liability.

As for RAWNY's claim for breach of the Participation Agreement, Defendants observe that the amended complaint "fails to identify any provision of the Participation Agreement that was purportedly breached." ECF No. 20 at 8 (emphasis omitted). This is accurate: although the amended complaint alleges that the Participation Agreement required McKesson LLC to process "all credit card purchases as Level 1" transactions, ECF No. 11 ¶ 42, RAWNY fails to identify any contractual language that imposes such an obligation.[2] *See generally* ECF Nos. 11, 19. RAWNY cannot "state a breach-of-contract claim without such details." *Shake Shack Enters., LLC v. Brand Design Co.*, No. 22-CV-7713, 2023 WL 9003713, at *4 (S.D.N.Y. Dec. 28, 2023); *see also Freckleton v. Mercy Coll. NY*, No. 22-CV-1985, 2023 WL 2648827, at *12 (S.D.N.Y. Mar. 27, 2023) (collecting cases). The claim under the Participation Agreement must be dismissed.

Turning to RAWNY's claim for unjust enrichment, Defendants argue that this claim must be dismissed because (1) the existence of several applicable contracts bars a quasi-contract claim like unjust enrichment, and (2) RAWNY fails to adequately plead enrichment or equitable circumstances requiring restitution. ECF No. 14-1 at 24-25. In its opposition, RAWNY responds to the first argument but not the second. *See* ECF No. 19 at 18-19. As a result, RAWNY has again "concede[d] through silence" Defendants' second argument due to its failure to address it. *W. Bulk Carriers KS v. Centauri Shipping Ltd.*, No. 11-CV-5952, 2013 WL 1385212, at *3 n.4 (S.D.N.Y. Mar. 11, 2013); *cf. Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived."). The unjust-enrichment claim is dismissed on that basis.

---

[2] At most, RAWNY appears to contend that McKesson LLC's duties under the Distribution Agreement "remained in effect" during the term of the Participation Agreement. See ECF No. 11 ¶ 19. Even assuming that the Distribution Agreement remained in effect, RAWNY does not explain why that fact would create a cause of action for breach of the Participation Agreement.

Accordingly, all of RAWNY's claims must be dismissed. In contrast to its opposition to the first motion to dismiss, RAWNY does not request leave to amend. The Court will not do so *sua sponte*. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). Therefore, RAWNY's claims will be dismissed with prejudice, though the Court will delay entering judgment and closing the case in order to give RAWNY a final opportunity to seek leave to amend with respect to McKesson LLC, should it wish to do so.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (ECF No. 14) is GRANTED. The Clerk of Court shall terminate McKesson Specialty Care Distribution Corporation and McKesson Corporation as defendants. The amended complaint will be dismissed with prejudice as to McKesson Specialty Care Distribution LLC unless, on or before October 7, 2024, Plaintiff moves for leave to file a second amended complaint. If Plaintiff fails to move for leave to file a second amended complaint, the amended complaint will be dismissed with prejudice as to McKesson Specialty Care Distribution LLC, and the Court will direct the Clerk of Court to enter judgment and close the case.

IT IS SO ORDERED.

Dated: September 9, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York